UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

HENRY JAMES,

                Defendant.

13-CR-836 (SHS)

MEMORANDUM & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

On October 8, 2014, defendant Henry James pled guilty to conspiracy to commit Hobbs Act robberies and a 18 U.S.C. § 924(c) firearms count. James had assembled and led an eleven-member robbery crew that engaged in more than two dozen armed robberies in Manhattan and Brooklyn. On August 4, 2015, this Court sentenced James to a prison term of 205 months. The Court subsequently vacated James's 18 U.S.C. § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and resentenced him to 132 months' imprisonment. He has now served approximately 58% of his 132-month sentence. (*See* ECF No. 351 at 1-2.)

James, represented by counsel, filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c). (ECF No. 391.) James argues that he should be released because his medical conditions make him vulnerable to serious complications if he contracts COVID-19. (*Id.* at 5-9.) James is 51-years-old and asserts that he suffers from hypertension, a stomach ulcer, and inflammation of the pancreas. (*Id.* at 2.) The government opposes his release. (ECF No. 396.)

At the threshold, James indicates that he has not undertaken to first exhaust his administrative remedies before seeking compassionate release because that is not a jurisdictional predicate. (ECF No. 391 at 3 (citing *United States v. Haney*, No. 19-CR-541 (JSR), 2020 WL 1821998, at *2 (S.D.N.Y. Apr. 13, 2020).) That proposition is presently much mooted in this jurisdiction. *See, e.g., United States v. Smith*, No. 12 CR 133 (JFK), 2020 WL 1849748, at *4 (S.D.N.Y. Apr. 13, 2020) ("[T]he Court . . . agrees with certain of its sister courts that judicial waiver is permissible in light of the extraordinary threat certain inmates face from COVID-19."); *cf. United States v. Roberts*, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020) ("Given Congress's decision to mandate exhaustion and specify a single alternative, the Court is not free to infer a 'general special circumstances exception.'" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1856, 1862 (2016)). However, the Court need not address this issue in light of the Court's conclusion that a reduction of a sentence in the circumstances presented here is not warranted.

First, James does not contend that he has received improper treatment for his medical conditions while incarcerated. Of the three conditions James cites, the CDC has flagged only hypertension as one that may put individuals at a higher risk for severe illness from COVID-19. James's three most recent blood pressure readings suggest that he ranges from having elevated to Stage 1 high blood pressure as characterized by the American Heart Association. (*See* Feb. 5, 2020 BOP Medical Records at 7, 12, 18.) His records indicate that he is taking Atorvastatin daily to control his cholesterol. (*Id.* at 8.) There is no indication that James's condition is not being monitored; moreover, James has not represented that he has been improperly treated for his stomach ulcer and inflammation of the pancreas. In fact, defendant appears to be taking Omeprazole regularly for his stomach issue. (*Id.*)

Second, the Court cannot find that the application of the section 3553(a) factors favors an early release. Indeed, factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct" weigh against James's release. 18 U.S.C. § 3553(a). The nature and circumstances of the offense are patently serious, as James concedes. (*See* ECF No. 391 at 8.) In addition to leading the robbery crew, which pistol whipped victims and threatened others at gun point, James participated in the murder of Paul Setteducato; threatened to kill his nephew Tyrell Jones, who was a member of his crew; and threatened cooperating witness Caesar Thomas and his girlfriend. (ECF No. 396 at 2-3.) Moreover, as defendant acknowledges, his "criminal 'history is extremely serious.'" (ECF No. 391 at 7.) James had three prior convictions, including for robbery in the first degree and second degree murder—for which he served more than twenty years in prison. Approximately one year after being released from prison in connection with his murder conviction, James began planning the robberies that formed the basis of the instant offense and engaging in violence, despite being on parole. (ECF No. 396 at 15.)

Accordingly, IT IS HEREBY ORDERED that James's motion for compassionate release is denied on the grounds that no extraordinary and compelling reasons exist for his release and the section 3553(a) factors do not weigh in his favor.

Dated: May 26, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

2